```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION
```

**WILLIAM S. CHANEY III**                                      **PLAINTIFF**

      **v.**          **Civil No. 09-03048**

**STARLIN CHANEY A/K/A**
**WILLIAM S. CHANEY, SR. AND**
**FERN CHANEY, Husband and Wife**                              **DEFENDANTS**

**WILLIAM S. CHANEY, III,**
**KELLY BOLINGER, UNITED STATES**
**DEPARTMENT OF AGRICULTURE,**
**FIRST NATIONAL BANK OF GREEN FORREST, AND**
**MISTY RINCON**                                        **COUNTER-DEFENDANTS**

### O R D E R

NOW on this the 20th day of January 2010, comes on for consideration the following:

\* the **Motion to Substitute the United States for the Individual Named Defendant, Kelly Bolinger, and Motion to Dismiss Counter-Claim** filed by Counter-defendant the United States Department of Agriculture (document #8);

\* the **Motion for Leave to File Amended Counterclaim** filed by Defendants William and Fern Chaney (document #14); and

\* the respective responses thereto.

The Court, being well and sufficiently advised, finds and orders as follows:

### Background

1. By way of background information, it useful to note the

-1-

following history of this litigation:

* On or about February 15, 2008, plaintiff, William S. Chaney III (hereinafter "Chaney III") commenced this action in the Circuit Court of Carroll County, Arkansas, by filing a Complaint In Unlawful Detainer against defendants, William S. Chaney, Sr. (hereinafter "Chaney, Sr.") and his wife, Fern Chaney (hereinafter "Fern") seeking a declaration that the reservation of a life estate retained by Chaney, Sr. and Fern in certain real property is void -- and further seeking the imposition of a permanent injunction against Chaney, Sr. and Fern with regard to certain farming operations and a shared water well on the property in question.

* Chaney III amended his said complaint on April 15, 2008, on October 1, 1008, and again on July 9, 2009.

* On July 9, 2009, Chaney, Sr. and Fern filed a pleading styled "Counterclaim" (document #1-2, hereinafter referred to as the "Counterclaim") in which they purport to assert claims against the following:

   ^ Chaney III
   ^ First National Bank in Green Forrest (hereinafter the "Bank");
   ^ the United States Department of Agriculture, through its Secretary, Tom Vilsack (hereinafter "USDA");
   ^ Kelly Bolinger (hereinafter "Bolinger"); and
   ^ Misty Rincon (hereinafter "Rincon")

2. In their Counterclaim, Chaney, Sr. and Fern assert, *inter alia;*

* that there are certain oral and written agreements between Chaney III and his grandparents, Chaney, Sr. and Fern, whereby the latter agreed to sell their 300-acre farm to Chaney III with conditions;

* that these agreements (and the resulting USDA farm loans acquired by Chaney III in reliance upon them) are void, since Chaney, Sr. and Fern lacked legal capacity at the time they were executed;

* that Chaney III sold some of their livestock and improperly withheld from them the proceeds of such sales;

* that, while working in her capacity as a USDA employee, Bolinger acted as a lending officer providing and/or guaranteeing the now disputed farm loans; that in such capacity, Bolinger facilitated the void land agreements between Chaney III and them;

* that Bolinger failed to inform her employer, the USDA, of the health conditions of Chaney, Sr. and Fern which resulted in their lacking legal capacity in making the disputed contracts;

* that Bolinger failed to inform the USDA of certain oral agreements made between them and Chaney III which obligate the latter to pay their monthly living expenses; and

* that Bolinger assisted Chaney III in fraudulently inducing them to sell their property.

Based upon the foregoing assertions, Chaney, Sr. and Fern seek recision of the aforementioned mortgages and damages against the USDA.

3. On July 9, 2009, the USDA removed the Counterclaim filed by Chaney, Sr. and Fern to this Court.

4. In its motion, the USDA now seeks to substitute itself for Bolinger and to dismiss the Counterclaim as to these federal parties.

(a) The Court will first address the issue of substitution. As to Defendants' claims against Bolinger in her official capacity, it is axiomatic that such claims are, in essence, merely claims against her governmental employer. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.").

Moreover, under the Federal Tort Claims Act, the exclusive remedy for any state law tort committed by a federal employee acting within the scope of her official duties is a suit against the United States. 28 U.S.C. § 2679(b)(1). When a complaint alleges that a tort has been committed by a federal employee, the United States Attorney General may file a certification that the allegedly tortious act or omission was committed by the employee within the scope of her employment. 28 U.S.C. § 2679(d)(1). The Attorney General's decision regarding scope of employment

certification is conclusive unless challenged. 28 U.S.C. § 2679(d)(1)-(4). Accordingly, the party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant scope of employment certification. Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993).

In the instant case, Bolinger has been certified by the Attorney General as acting within the scope of her employment with the USDA in facilitating and making farm loans. See Certificate of Scope of Employment (document #8-2). Furthermore, the Court finds that Chaney, Sr. and Fern have not satisfied their burden of presenting evidence disproving the Attorney General's certification decision. Therefore, the United States is the proper party with respect to the claims of Chaney, Sr. and Fern against Bolinger and the USDA's motion to substitute should be granted accordingly.

The Court notes that in granting the USDA's motion to substitute, it will deny the pending **Motion to File First Amended Counterclaim** (document #14). This motion -- filed by Chaney, Sr. and Fern -- seeks to amend the "counterclaim" to state that Bolinger was, at all pertinent times, acting *outside* the scope of her employment with the USDA. While the proposed amended counterclaim alleges new facts in support of its claim that Bolinger was acting outside the scope of her employment, the Court finds that such alleged facts fall short of disproving the Attorney General's decision to grant scope of employment certification for

Bolinger. In short, the amended counterclaim still alleges that Bolinger was acting as a USDA lender in procuring the disputed mortgages. Thus, the Court finds that the amended complaint would be futile, in that it would not alter the Court's conclusion that Bolinger was acting within the scope of her employment and furthering her employer's interests at all times relevant to this lawsuit.

(b) Turning to the USDA's motion to dismiss, the Government argues that the "counterclaim" against it should be dismissed for failure to exhaust administrative remedies.

The United States is immune from suit unless it consents to be sued. Riley v. U.S., 486 F.3d 1030, 1032 (8th Cir. 2007). Congress waived the sovereign immunity of the United States by enacting the Federal Tort Claims Act ("FTCA"), "under which the federal government is liable for certain torts its agents commit in the course of their employment." C.R.S. by D.B.S. v. United States, 11 F.3d 791, 795 (8th Cir. 1993). Under the FTCA, a claimant must present his "claim to the appropriate Federal agency" and the agency must make a final decision before the claimant may bring an action against the United States. 28 U.S.C. § 2675(a).

It is undisputed that, in the instant case, Chaney, Sr. and Fern failed to file an administrative claim with the appropriate Federal agency prior to bringing suit against the USDA. They nevertheless contend that their claims against the USDA should not

be dismissed, as they are third-party claims which are not subject to the exhaustion of administrative remedies requirement. See 28 U.S.C. § 2675(a) (exempting third-party complaints, crossclaims, and counterclaims from the administrative claim requirement). The Court is not persuaded by this argument.

The so-called "counterclaim" at issue is clearly mis-named. Black's Law Dictionary defines "counterclaim" as "a claim for relief asserted against an opposing party after an original claim has been made." Black's Law Dictionary 402 (9th ed. 2009). As neither Bolinger nor the USDA were parties to the original action, this pleading is not a counterclaim as to these federal parties.

When a defendant files a claim against an additional, new party, it is usually in the form of a third-party complaint. Black's Law Dictionary defines "third-party complaint" as "a complaint filed by the defendant against a third party, alleging that the third party may be liable for some or all of the damages that the plaintiff is trying to recover from the defendant." Id. at 324. This is not the case here.

Neither the USDA nor Bolinger are alleged to be liable to Chaney, Sr. and Fern for any part of Chaney III's claims. Thus, the exemption set forth in 28 U.S.C. § 2675(a) is not applicable here, Chaney, Sr. and Fern must exhaust their administrative remedies against the USDA, and their claims against the USDA and Bolinger should be dismissed accordingly. See Rosario v. American

Export-Isbrandtsen Lines, Inc., 531 F.2d 1227 (3d Cir. 1976).

5. In view of the foregoing dismissal of the federal defendants in this matter, the Court finds that the remainder of the Counterclaim filed herein by Chaney, Sr. and Fern should be remanded -- as there is no federal question to be decided and the remaining parties are not diverse.

**IT IS THEREFORE ORDERED** that the **Motion to Substitute the United States for the Individual Named Defendant, Kelly Bolinger, and Motion to Dismiss Counter-Claim** filed by the USDA (document #8) should be, and it hereby is, **granted.** Accordingly, the USDA is substituted for Kelly Bolinger, and all claims against the USDA are dismissed.

**IT IS FURTHER ORDERED** that the **Motion for Leave to File Amended Counterclaim** filed by Defendants William and Fern Chaney (document #14) should be, and it hereby is, **denied.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand the remainder of Defendants' counterclaim to the Circuit Court of Carroll County, Arkansas, Civil Division.

**IT IS SO ORDERED.**

> **/s/ Jimm Larry Hendren**
> **JIMM LARRY HENDREN**
> **UNITED STATES DISTRICT JUDGE**